■ In the Matter of RODNEY R., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Gilman, J.), entered on November 19, 1984, which, upon a fact-finding order dated December 19, 1983, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree and attempted robbery in the second degree, placed him on probation through July 21, 1985, i.e., his eighteenth birthday.

Order of disposition reversed, on the law, without costs or disbursements, fact-finding order vacated and petition dismissed.

In the instant proceeding the fact-finding hearing took place over the course of several months. On December 19, 1983, the appellant and his mother failed to appear in court, and the Family Court continued, and thereupon completed, the fact-finding hearing in their absence.

The Corporation Counsel concedes that the Family Court erred in failing to make even a minimal inquiry into the voluntariness of the appellant's absence before continuing the fact-finding hearing (see, People v Sanchez, 65 NY2d 436).

Ordinarily, the remedy for this particular error is a reversal of the order appealed from and remittal for the limited purpose of inquiring into the voluntariness of the appellant's nonappearance. If the absence is found to be voluntary, the determination of guilt is left undisturbed. If the absence is found to be involuntary, the trial is reopened with respect to those portions of the trial from which the accused was improperly excluded. However, as the Corporation Counsel notes, this remedy is inappropriate in the case at bar, since appellant has completed the term of probation, i.e., until his eighteenth birthday. Indeed, appellant is now almost 19 years old.

Accordingly, the petition is dismissed. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.