In the Matter of MARK S., a Person Alleged to be in Need of Supervision. (Appeal No. 1.)—Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Respondent appeals from an order adjudicating him a person in need of supervision and placing him on probation for 12 months. He also appeals from an order directing his placement outside the home based upon a violation of the previously imposed probation. The record reveals that before respondent partially admitted the allegations in the PINS petition, the court did not advise him of his right to remain silent or of possible dispositional orders (Family Ct Act § 741; *cf., § 321.3 [1]).* That was reversible error *(see, Matter of Tomika M.,* 136 AD2d 951; *Matter of Walter A., Jr.,* 104 AD2d 734, 735; *Matter of Kelly Sue N.,* 94 AD2d 976). Respondent's placement was the result of an admission of probation violation. Because the sentence of probation was predicated upon an invalid admission, the order of placement was a nullity and must be vacated *(see, Matter of Tomika M., supra,* at 951). Since respondent's placement period has terminated, it would be inappropriate to remit the matter for a new fact-finding determination *(see, Matter of Corey L.,* 140 AD2d 609; *Matter of Patrick R.,* 131 AD2d 678; *Matter of Rodney R.,* 119 AD2d 677; *Matter of Yolanda C.,* 118 AD2d 778). (Appeal from order of Erie County Family Court, Notaro, J.—PINS.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.

 In the Matter of MARK S., a Person Alleged to be in Need of Supervision. (Appeal No. 2.)—Order unanimously vacated on the law without costs, in accordance with same memorandum as in *Matter of Mark S.* ([appeal No. 1] 144 AD2d 1010 [decided herewith]). (Appeal from order of Erie County Family Court, Notaro, J.—violation of probation.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.